1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **HWEH CHUNG,** | NO.: |
| Plaintiff | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | **(Unlawful Debt Collection Practices)** |
| **AMERICAN RECOVERY SERVICE, INC.** | Demand Does Not Exceed $10,000 |
| Defendant. | |

Plaintiff, HWEH CHUNG, on behalf of herself (hereinafter "Plaintiff"), by and through her undersigned attorneys, alleges against the defendant, AMERICAN RECOVERY SERVICE, INC. (hereinafter "Defendant"), as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collections Practices Act (hereinafter "FDCPA") and Oregon Revised Statutes § 656.639 *et seq.* which prohibits debt collectors from engaging in unlawful collection practices.

**COMPLAINT**

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1337, 1367 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this district under 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is a natural person who at all relevant times has resided in the County of Multnomah, City of Portland, State of Oregon, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Plaintiff has no formal legal training and is not a particularly sophisticated consumer.

6. Defendant is a company that is doing business in the State of Oregon, with its corporate office mailing address located at 555 St. Charles Drive, Suite 100, Thousand Oaks, California, and has acted as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. The alleged debt is subject to personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

## FACTUAL ALLEGATIONS

8. On or about February 28, 2012, Plaintiff offered to settle an alleged judgment with the collection agency Mann Bracken LLP for the sum of $5,500. This offer was accepted by a letter from Mann Bracken. **SEE ATTACHED EXHIBIT A.**

9. A check was tendered to Mann Bracken LLP on behalf of Plaintiff, and that check was deposited by Mann Bracken LLP on February 29, 2012, in accordance with the settlement agreement indicated in the preceding paragraph. **SEE ATTACHED EXHIBIT B.**

**COMPLAINT**

THOMAS MCAVITY
2225 NE ALBERTA, STE A
PORTLAND OR 97211
Tel: 206-674-4559
Facsimile: 866.241.4176

10. On or about August 30, 2013, Defendant's agent, on Defendant's behalf attempted to contact Plaintiff in an effort to collect a debt, as shown by the attached letter - **SEE ATTACHED EXHIBIT C.**

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)(A)

11. Plaintiff repeats the allegations contained in paragraphs 1 through 10 and incorporates them as if the same were set forth at length herein.

12. Defendant called Plaintiff by telephone to enter into a settlement agreement, as shown by the letter dated August 30, 2013, even though Plaintiff had settled the debt with a former owner of it, Mann Bracken, LLP.

13. Defendant misidentified the legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A).

## COUNT II

## VIOLATION OF ORS 646.607 (Unfair Trade Practice)

25. Plaintiff repeats the allegations contained in paragraphs 1 through 24 and incorporates them as if the same were set forth at length herein.

26. ORS §646.607(6) indicates that violations of ORS §646.639 *et seq.* are *per se* violations of ORS §646.607 (unfair trade practices).

27. As the debt was settled, Defendant was not legally entitled to pursue continued collection efforts against Plaintiff. This is in violation of ORS §646.639(2)(k), an attempt to enforce a right or remedy with knowledge that said right or remedy does not exist.

28. Defendant's attempt to collect a settled and extinguished debt is an unfair trade practice in violation of ORS §646.607.

**COMPLAINT**

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

a) That an order be entered declaring the Defendants' actions, as described above, are in violation of the FDCPA and Oregon law;

b) That judgment be entered against the Defendants for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1) and ORS §646.641.

c) That judgment be entered against the Defendants for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B) and ORS §646.641;

d) That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); ORS §646.641;

e) That the Court grants such other and further relief as may be just and proper.

By: /s/ Thomas McAvity
Thomas McAvity, OSB# 00175
Northwest Debt Relief Law Firm
2225 NE Alberta Suite A
Portland, OR 97211
206-674-4559

COMPLAINT

THOMAS MCAVITY
2225 NE ALBERTA, STE A
PORTLAND OR 97211
Tel: 206-674-4559
Facsimile: 866.241.4176